UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MARCIN KOLAKOWSKI, BARTOSZ :
RYDZEWSKI, and RAFAL ZALEWSKI, :
:
                Plaintiffs, :    **MEMORANDUM AND ORDER ADOPTING**
:    **REPORT AND RECOMMENDATION**
      -against- :    **24-cv-4410 (DLI) (TAM)**
:
EIA ELECTRIC, INC., :
:
                Defendant. :
-------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On July 17, 2025, the Honorable Judge Taryn A. Merkl, U.S. Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that Marcin Kolakowski, Bartosz Rydzewski, and Rafal Zalewski's (collectively, "Plaintiffs") motion for default judgment and attorney's fees (the "Motion") be granted in part and denied in part. R&R, Dkt. Entry No. 27. Plaintiffs timely filed objections to the R&R. *See*, Objections, Dkt. Entry No. 31. Defendant neither objected to the R&R nor responded to Plaintiffs' objections. For the reasons set forth below, Plaintiffs' objections are overruled, and the thorough and well reasoned R&R is adopted in its entirety.

**BACKGROUND**[1]

Plaintiffs filed this action against EIA Electric, Inc. ("Defendant") for unpaid wages, unpaid overtime wages, and failure to provide statutorily required wage notices and wage statements in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), §§ 190 *et seq.* and §§ 650 *et seq.*, and related provisions from

---

[1] The Court assumes the parties' familiarity with the facts and circumstances of this case, which are set forth in detail the R&R. *See*, R&R at 2-3.

Title 12 of the New York Codes, Rules and Regulations ("NYCRR"). *See*, Compl., Dkt. Entry No. 1. Defendant did not appear, and Plaintiffs obtained an entry of default on October 17, 2024. Dkt. Entry No. 12. Plaintiffs then moved for default judgment and attorneys' fees. *See*, Dkt. Entry No. 15. On November 13, 2025, this Court referred the Motion to Magistrate Judge Merkl for an R&R. *See*, Electronic Order dated Nov. 13, 2024.

The magistrate judge recommended that this Court grant Plaintiffs' FLSA and NYLL unpaid wages claims and grant, in part, their request for attorneys' fees and costs. *See generally*, R&R. Additionally, the magistrate judge noted that, at a hearing on the Motion, Plaintiffs' counsel stated they were withdrawing their wage notice and statement claims. *Id*. at 8 n.4. On July 31, 2025, Plaintiffs objected to the R&R contending that the magistrate judge did not address their NYLL wage notice and statement claims and requested that this Court conduct a *de novo* review and award damages on those claims. *See*, Objections at 2–3.

## LEGAL STANDARD

When a party objects to an R&R, a district judge must make a *de novo* determination with respect to those portions of the R&R to which the party objects. *See*, Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *See also*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party makes only conclusory or general objections, or simply relitigates his original arguments, the Court reviews the [R&R] only for clear error." *Antrobus v. N.Y.C. Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *See also*, *Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal." (internal citations omitted)). On the other hand, the Second Circuit has suggested that a clear error review may not be appropriate

2

"where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (citation omitted). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016).

Separately, when there is no objection "to a magistrate judge's recommendation, [it] is reviewed, at most, for 'clear error.'" *Barrera v. F & A Rest. Corp.*, 2021 WL 2138875, at *1 (E.D.N.Y. May 25, 2021) (citing Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")). After its review, the district court then may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

Plaintiffs' contention that the magistrate judge failed to address their NYLL wage notice and statement claims, at best, are meritless and, at worst, a violation of the New York Rules of Professional Conduct ("RPC"). Notably, the magistrate judge directly addressed these claims at a hearing on the Motion. At this hearing, Plaintiffs' counsel categorically stated that they purposefully did not include their wage notice and statement claims in their proposed order for default judgment because they "assum[ed] they would not be granted." *See*, Tr. at 8:1–8, Dkt. Entry No. 21. In fact, Plaintiffs' counsel clarified that they "withdraw those claims" because "we did not include those in the proposed order." *Id*. at 14:7–22. Thus, Plaintiffs' counsel admitted they assumed they would not succeed on their wage notice and statement claims, and intentionally left them out of their proposed order for default judgment. *Id*. Indeed, Plaintiffs' proposed order excludes amounts attributable to wage notice and statement violations. *See*, Default Judgment

3

Proposed Order, Dkt. Entry No. 15-5.  Additionally, Plaintiffs aver in their affirmation in support of their Motion ("Affirmation") that they only are entitled to unpaid wages and overtime, as well as applicable liquidated damages pursuant to FLSA and NYLL.  *See*, Affirmation at 4, Dkt. Entry No. 15-1.

"If a plaintiff raises a claim in a complaint but fails to mention it in the ensuing default judgment motion, a court may consider that claim abandoned."  *Borja v. MSK Rest. Corp*, 2025 WL 951402 at *4 (E.D.N.Y. Mar. 13, 2025), *report and recommendation adopted sub nom. Borja v. MSK Restaurant Corp.*, 2025 WL 948122 (E.D.N.Y. Mar. 29, 2025) (collecting cases). Additionally, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).  Courts must conduct inquiries sufficient to establish damages to a "reasonable certainty," which can include conducting hearings. *See, Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  Thus, due to Plaintiffs' failure to request relief for their NYLL wage notice and statement claims in both their Affirmation and Proposed Order on their Motion, as well as their unequivocal declaration to the magistrate judge that Plaintiffs withdrew them,  those claims are deemed abandoned.

Moreover, Plaintiffs' counsel's position implies that he made misrepresentation to the Court.  Pursuant to the RPCs, a lawyer shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact . . ."  RPC 3.3(a)(1).  Plaintiffs' counsel stated to the magistrate judge that the wage notice and statement claims were withdrawn. Tr. at 14:7–22.  Plaintiffs' counsel now pretends he did not make these statements in contending that the magistrate judge failed to address these claims in the R&R.  If Plaintiffs' stance on these claims changed following the hearing, then counsel was under an obligation to inform the Court, but he failed to do so.  For the foregoing reasons, Plaintiffs' objections are overruled.

The Court has considered and reviewed for clear error of law the balance of the R&R to which Plaintiffs did not object and finds none. Consequently, the remaining recommendations also are adopted in their entirety.

**[REST OF PAGE INTENTIONALLY LEFT BLANK]**

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' objections are overruled, and the R&R is adopted in its entirety. Plaintiffs' motion for default judgment is granted as to the FLSA and NYLL unpaid wages claims. Plaintiffs' FLSA and NYLL overtime, wage notice, and statement claims are denied and dismissed.

Accordingly, the Clerk of the Court is directed to enter judgment against Defendant in the amounts of: (1) As to Plaintiff Kolakowski: $23,590.56 ($11,795.28 in unpaid wages and $11,795.28 in liquidated damages) and a prejudgment per diem interest rate of $2.91 from November 23, 2022, to the date final judgment is entered; (2) As to Plaintiff Zalewski: $17,370.72 ($8,685.36 in unpaid wages and $8,685.36 in liquidated damages) and a prejudgment per diem interest rate of $2.14 from November 26, 2022, to the date final judgment is entered; and (3) As to Plaintiff Rydzewski: 17,370.72 ($8,685.36 in unpaid wages and $8,685.36 in liquidated damages) and a prejudgment per diem interest rate of $2.14 from November 29, 2022, to the date final judgment is entered. Additionally, Plaintiffs are awarded $11,865.00 in attorneys' fees and costs ($11,460.00 in attorneys' fees and $405.00 in costs). Postjudgment interest is to be calculated from the date the Clerk of Court enters judgment until the date of payment pursuant to 28 U.S.C. § 1961(a). Lastly, Plaintiffs are awarded a fifteen percent (15%) increase in damages pursuant to the NYLL, not including postjudgment interest, for any amounts that are not paid within ninety days of judgment or the expiration of time to appeal.

SO ORDERED.

Dated: Brooklyn, New York
       September 24, 2025

                                                             /s/
                                        DORA L. IRIZARRY
                                   United States District Judge